**VISKASE CORPORATION, Plaintiff,**

v.

**AMERICAN NATIONAL CAN COMPANY, Defendant.**

**No. 93 C 7651.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 19, 1998.

Roy E. Hofer, William H. Frankel, Robert W. Stevenson, Allan J. Sternstein, Andrew D. Stover, Brinks Hofer, Gilson & Lione, Chicago, IL, David I. Herbst, Allan S. Brilliant, Harold David Israel Holleb & Coff, Chicago, IL, Philip Scott Beck, Rhett R. Dennerline, Chris J. Lind, Bartlit, Beck, Herman, Palenchar & Scott, Chicago, IL, for Plaintiff.

Jeffrey D. Colman, William Denby Heinz, Barry Levenstam, Jenner & Block, Chicago, IL, Joseph C. Kirincich, John C. Todaro, Wyatt, Gerber, Burke & Badie, New York City, James R. Atwood, Glen D. Weinstein, Thomas W. Krause, Timothy C. Hester, Thomasenia P. Duncan, Covington & Burling, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

A jury awarded the plaintiff, Viskase Corporation ("Viskase"), $102,384,681 in damages against the defendant American National Can Company ("ANC"), for patent infringement. I subsequently granted ANC's motion for a new trial on infringement as it relates to Affinity based films on the grounds that Viskase's expert witness perjured himself and that his testimony was central to Viskase's infringement case.[1] *Viskase Corp. v. American Nat'l Can Co.*, 979 F.Supp. 697, 699–705 (N.D.Ill.1997). Viskase now moves for partial summary judgment on the issue of infringement.[2] For the reasons set forth below, Viskase's motion is granted.

### Background

This patent infringement action involves six United States patents owned by Viskase. All of the asserted claims of the six patents are directed to heat-shrinkable films that contain very low density polyethylene ("VLDPE"). A VLDPE is a linear polyethylene plastic. At trial, I defined a linear polyethylene plastic as a polyethylene plastic that "contains insignificant amounts of long chain branching." (Pl.'s Ex. 7, Trial Tr. 2636–37).

Viskase alleges that ANC infringed its patents by making and selling films containing the Affinity PL–1840 ("Affinity") resin manufactured by Dow Chemical Company

---

1. I also granted ANC's motion for a new trial on willful infringement with respect to the Affinity based films and on damages with respect to all of Viskase's claims.

2. ANC argues that under Federal Rule of Civil Procedure 56(f), the court should deny or defer ruling on summary judgment because further discovery is needed. There has already been one trial in this case and I do not find that discovery is needed to respond to this motion. Thus, I will not delay my decision.

("Dow").[3] Viskase moves for partial summary judgment on the issue of infringement based on my claim interpretation rulings and on the undisputed facts uncovered at the first trial.

### Linearity

Based on my previous rulings, the only infringement issue in this case is whether Affinity is a linear polyethylene plastic, *i.e*, does it "contain[ ] insignificant amounts of long chain branching." (*Id.*). Viskase argues that "insignificant" modifies "amounts" and that according to *Webster's Ninth New Collegiate Dictionary* 80, 626 (1989), "amount" means "the total number or quantity" and "insignificant," given its ordinary meaning, means "small in size, quantity, or number." Consequently, "insignificant amounts" relates to the number of long chain branches. If Affinity has the same number or fewer long chain branches than recognized linear polyethylenes, the amount of long chain branching must be "insignificant."

To support its interpretation, Viskase argues that I have already expressly refused to adopt ANC's position that "insignificant" should be further defined as not having an effect on the properties, and in particular, not having an effect on rheological properties. Viskase quotes a statement that I made at trial that "I wasn't going to instruct that [what is significant] had to do with rheological properties," (Pl.'s Ex. 7, Trial Tr. at 2397), and my September 29, 1997 opinion where I refused to find that I "must accept, as a matter of law, [ANC]'s rheological theory of long chain branching." *Viskase*, 979 F.Supp. at 699. Viskase, however, takes both statements out of context to imply that I accepted its interpretation of "insignificant amounts of long chain branching" when in fact, I neither accepted nor rejected it.

At trial, I did not reject ANC's interpretation of "insignificant." Rather, I stated that I *could not rule on it as a matter of law*. (Pl.'s Ex. 7, Trial Tr. at 2395–2401). "[T]he jury essentially had to decide first, whether to use a numerical or rheological test to determine 'significant' levels of long chain branching, and then to determine, under whichever test it thought correct, whether films made with the Affinity resin had significant levels of long chain branching." *Viskase*, 979 F.Supp. at 699.

Similarly, in my decision to grant ANC a new trial, I stated that the parties disagreed over what was significant and presented their positions at trial through experts. *Id.* at 698–99. After reviewing the evidence, I declined to accept as a matter of law ANC's rheological theory of long chain branching. *Id.* at 699. "Neither party presented convincing evidence that its test for long chain branching is the only acceptable test used by experts in the field. Dow's test of rheological qualities may or may not be sound . . . ." *Id.*

Since neither my statements at trial nor my September 29 decision on a new trial support Viskase's argument, I do not accept its interpretation of insignificant as a matter of law.

### Literal Infringement

■ Viskase moves for summary judgment on literal infringement on the basis of its interpretation of "insignificant." In essence, it argues that since Affinity has less long chain branching then recognized linear polyethylenes, that as a matter of law, the amount of long chain branching cannot be significant. But since I have not accepted Viskase's reading of "insignificant amounts of long chain branching," this argument for summary judgment on literal infringement fails.

### Doctrine of Equivalents

■ The essential inquiry into infringement under the doctrine of equivalents is whether the accused product or process contains "elements identical or equivalent to each claimed element of the patented invention." *Warner–Jenkinson Co. v. Hilton*

---

3. Viskase also alleges that ANC infringed its patents by using Dow's Attane resin in the films. I ruled prior to trial that ANC's films made from Attane and the process for making those films infringed on all of the asserted patents. Thus, infringement as it relates to Attane was not an issue in the trial nor is it an issue in this motion.

*Davis Chem. Co.,* 520 U.S. 17, 117 S.Ct. 1040, 1054, 137 L.Ed.2d 146 (1997). To determine equivalence, courts have applied the "insubstantial differences" test as well as the function-way-result test. *Id.* Using either test, the determination of infringement under the doctrine of equivalents is a question of fact. *Hilton Davis Chem. Co. v. Warner–Jenkinson Co.,* 62 F.3d 1512, 1520, (Fed.Cir.1995), *rev'd on other grounds,* 520 U.S. 17, 117 S.Ct. 1040, 1054, 137 L.Ed.2d 146 (1997). Thus, summary judgment is not appropriate unless there is no genuine issue of material fact.

### A. Insubstantial Differences

■ Factors that tend to show "insubstantial differences" include the known interchangeability of the substituted elements. *Hilton Davis,* 62 F.3d at 1519–20. Viskase argues that Affinity is interchangeable with the VLDPE linear polyethylene plastic of the asserted patents. To prove interchangeability, Viskase points to ANC's reformulation of its three- and five-layer films where it replaced the infringing Attane VLDPE with Affinity. (12(M) St. ¶¶ 29–31).

ANC claims that the reformulations involved more than a simple replacement of Attane with Affinity. For example, in the three-layer films, the sealant layer was changed from a 10%/90% Attane/ethylene-vinyl acetate ("EVA") blend to a 80%/20% Affinity/EVA blend. (12(N) Resp. ¶ 29). It is undisputed, however, that identical amounts of Affinity were substituted for Attane as a percentage of weight of the outer layer in the three-layer films. (*Id.* ¶ 37). Furthermore, Affinity was substituted for Attane in identical layers of the films with identical types of blended EVA and with identical barrier layers adhered thereto. (12(M) St. ¶¶ 33–35, 37–42). No additional materials were added to the film structure. (*Id.* ¶¶ 34–37, 47–48). This ingredient substitution "presents a classic example for a finding of infringement under the doctrine of equivalents." *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.,* 868 F.2d 1251, 1261 (Fed.Cir.1989) (upholding equivalency based on the substitution of a negative dopant in a cladding layer for a positive dopant in a core layer); *see also Atlas Powder Co. v. E.I. du*

*Pont De Nemours & Co.,* 750 F.2d 1569, 1581–82 (Fed.Cir.1984) (finding that substitution of oil-in-water emulsifying agent for water-in-oil agent was equivalent). Thus, I find that Affinity was used interchangeably for Attane and infringes Viskase's patents under the "insubstantial differences" test.

### B. Function–Way–Result

■ This test focuses on whether the claimed and accused product serve substantially the same function in substantially the same way with substantially the same result. *Hilton Davis,* 62 F.3d at 1518. Viskase argues that there is no dispute as to any material fact under this test and that Affinity infringes its patents.

■ ANC does not dispute that the function of Affinity in its films is to impart tensile strength, puncture resistance, and abrasion resistance. (12(M) St. ¶ 52). This is the function of linear polyethylenes. Affinity performs these functions in substantially the same way. Affinity was substituted for Attane in the same layers, often in the same percentage amounts, and always blended with the same type of materials. (*Id.* ¶¶ 30–48). Furthermore, it is undisputed that Affinity is made in exactly the same way as films made with the infringing Attane: both film structures are made by extruding a primary tube, quenching the tube, reheating the tube, and orienting the tube. (*Id.* ¶ 49). Finally, it is undisputed that Affinity-containing films meet the shrink requirements of the asserted claims and achieve the same final film physical properties. (*Id.* ¶¶ 5, 52).

■ ANC argues, however, that Affinity outperforms VLDPEs. For example, ANC's three-layer Affinity-containing films outperformed ANC's three-layer Attane-containing bags in terms of toughness, strength, puncture resistance, optics, seal strength, minimum sealing temperature, sealing temperature range, and sealing time. (12(N) St. ¶ 23). But an accused product can improve upon the patented invention and still infringe on the asserted claims. *See Atlas,* 750 F.2d at 1580 n. 3 ("Equivalence does not require that the claimed invention and accused product have identical results; the results can be substantially the same and the accused prod-

uct can be an improvement."). Given that Affinity performs substantially the same function in the same way with similar results as Attane, summary judgment is granted.[4]

### Conclusion

For the foregoing reasons, Viskase's motion for partial summary judgment on infringement is granted.

---

**4.** ANC argues that because the Patent and Trademark Office has issued Dow patents for its Affinity polymers and for their use in heat-shrink films, this is strong evidence that the doctrine of equivalents does not apply. The *Atlas* court rejected this argument. 750 F.2d at 1580. Infringement under the doctrine of equivalents can be found even if there is a subsequent patent. *Id.*